# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| DAVID JONATHAN TULIS, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:24-cv-01226 |
| | ) | |
| DAVID GERRAGANO, | ) | |
| COMMISSIONER OF REVENUE, in his | ) | |
| individual capacity and in his official | ) | |
| capacity, and STATE OF TENNESSEE, | ) | |
| TENNESSEE DEPARTMENT OF | ) | |
| REVENUE, | ) | |
| | ) | |
|     Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Magistrate Judge's Report and Recommendation ("R&R") (Doc. No. 33) recommending that the Court grant the Tennessee Department of Revenue's ("Department") Motion to Dismiss and for Abstention (Doc. No. 14), and Commissioner of Revenue David Gerragano's ("Gerragano") Motion for Abstention. (Doc. No. 5). The Magistrate Judge further recommends that the Court deny without prejudice David Tulis' ("Tulis") motions for a temporary restraining order (Doc. No. 15) and for preliminary injunction. (Doc. No. 18). Tulis, proceeding pro se, filed his objections to the R&R. (Doc. No. 37). The defendants filed their response shortly after. (Doc. No. 38). For the following reasons, the R&R will be approved and adopted in full. This case will be stayed until the conclusion of the Department's administrative proceedings.

### I.    Background

The Court will not repeat the entire factual background and procedural history of the case because it is aptly set forth in the R&R. (Doc. No. 33 at 1-4). In short, the Department suspended

the motor vehicle registration on Mr. Tulis' Honda Odyssey minivan for insufficient insurance coverage. (Id. at 2). On July 26, 2023, Mr. Tulis filed a notice of appeal with the Department "demanding (1) restoration of his tag, and (2) cessation of the *ultra* [*vires*] [A]twood program." (Doc. No. 1 at 13). With the administrative proceedings still ongoing, Tulis filed this lawsuit against Gerragano and the Department seeking (i) to enjoin this "fraudulent" insurance verification program, (ii) $7 million in "punitive damages", and (iii) $369,923 to compensate him for the "822.05 hours plaintiff spent defending his rights" and other costs. (Id. at 33-41). Specifically, Tulis claims that the Defendants engaged in an "arbitrary and capricious" insurance verification "scheme" and that the Defendants are "oppressing [him] and harming the people of Tennessee with tens of thousands of criminal prosecutions for alleged violations of law." (Id. No. 1 at 1). Tulis also alleges that Gerragano and the Department are acting outside of the scope of their authority, and in violation of the Tennessee Financial Responsibility Law and James Atwood Jr. Amendment, because Tennessee law does not require him to provide proof of insurance coverage without first having been in an accident. (Doc. No. 33 at 2).

## II.     Magistrate Judge's Recommended Disposition

The R&R recommends that the Court grant the Department of Revenue's motion to dismiss the Department, stay this matter pursuant to the Younger abstention doctrine, and deny Tulis' motions without prejudice pending lifting the stay. (Doc. No. 33 at 6, 8); Younger v. Harris, 401 U.S. 37 (1971). In his response, Tulis did not object to the dismissal of the Department nor the denial of his pending motions, but objected to the stay. (see Doc. No. 37).

Younger abstention teaches that a federal court should abstain from proceeding when there are ongoing state administrative proceedings "to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity." Doe v. Univ. of

2

Kentucky, 860 F.3d 365, 369 (6th Cir. 2017). Put simply, Younger precludes federal involvement when there are ongoing state proceedings to leave states space to "perform their separate functions in their separate ways." Younger, 401 U.S. 37 at 44. As was succinctly explained by the Magistrate Judge, Younger abstention has been expanded beyond exclusively state criminal prosecutions to include certain state civil administrative proceedings, including civil enforcement proceedings that are "akin to criminal prosecutions." (Sprint Comm's., Inc. v. Jacobs, 571 U.S. 69, 70) ("This Court has extended Younger abstention to state civil proceedings that are akin to criminal prosecutions[.]"). To determine whether abstention is warranted, the Court must consider whether "(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims." Doe, 860 F.3d at 369; see Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423 (1982). These considerations are known as the Middlesex factors. Id. However, even when the Middlesex factors are satisfied, when a plaintiff can show that the state government is acting in bad faith or harassing the litigant or that the statute or rule at issue is flagrantly unconstitutional, an exception to Younger applies and the Court should not stay the matter. Fieger v. Thomas, 74 F.3d 740, 750 (6th Cir. 1996).

Utilizing this analysis, the Magistrate Judge determined that abstention was appropriate. (Doc. No. 33 at 6). She begins by determining that the administrative proceedings initiated by the Department are a civil enforcement proceeding akin to a criminal prosecution. (Id. at 7). As a result, Younger abstention applies, the Middlesex factors are satisfied, and no exceptions applied. (Id.).

Moving to the Middlesex factors, the Magistrate Judge first concluded that the state civil enforcement proceedings initiated by the Department were ongoing and a final decision had not

3

been issued thus satisfying the first factor. (Id. at 8). Next, the Magistrate Judge found that Tennessee has a compelling interest in "matters relating to the operation of motor vehicles and the well-being of motorists on its roadways and in enforcing the statutes and policies it has enacted to this effect." (Id. at 9). Lastly, in determining whether Mr. Tulis would have an adequate opportunity to raise constitutional claims the Magistrate Judge relied upon Sixth Circuit cases which have repeatedly held proceedings under the Tennessee Administrative Procedures Act ("UAPA") provide such an opportunity. (Id.). To succeed on his claim that the administrative proceedings do not provide an adequate opportunity to raise constitutional claims, Tulis would have to show that state procedural law bars the presentation of his claim, a burden which the Magistrate Judge concludes Tulis did not satisfy. Moore v. Sims, 442 U.S. 415 (1979) ("[A]bstention is appropriate unless state law clearly bars the interposition of the constitutional claims."); (Doc. No. 33 at 9 citing Fieger v. Thomas, 74 F.3d 740, 746 (6th Cir. 1996)) (Discussing the standard). Thus, the Magistrate Judge concluded that all three Middlesex factors were satisfied. (Id.).

As discussed above, even where Middlesex is satisfied, abstention is not proper if any exceptions apply. However, the Magistrate Judge concluded that Tulis had not shown one did. (Id.). The Magistrate Judge rejected Tulis' argument that the proceedings are unconstitutional because the Department does not have the authority to conduct them. (see Doc. Nos. 33 and 37). The basis for the Magistrate Judge's holding is twofold. First, the Magistrate Judge correctly states that Tulis is legally wrong that the Department of Revenue is not authorized to hold the hearing. See Tenn. Code Ann. § 67-1-105(a); Tenn. Code Ann. §§ 55-12-210 and -211; Tenn. Code Ann §§ 4-5-101. Second, that Tulis failed to show how the statute or rule is flagrantly unconstitutional "in every clause, sentence, and paragraph." (Id. citing Younger, 401 U.S. at 53-54). Similarly, the

4

Magistrate Judge rules out the bad faith exception by stating that Tulis failed to produce any evidence that would suggest that he is being "singled-out" by the state. (Id. at 11).

Accordingly, the R&R concludes that the <u>Middlesex</u> factors are satisfied, and Tulis is unable to establish a basis for any of the <u>Younger</u> exceptions. Therefore, a stay pursuant to the <u>Younger</u> abstention doctrine is warranted.

### III. <u>Tulis' Objections</u>

Before turning to Tulis's substantive objections to the R&R, this Court notes that procedurally "the purpose of objections to a report and recommendation is to focus the attention of the district court on possible errors of fact or law contained in the report, not to present new evidence and arguments that were not presented to the magistrate judge in the first instance." <u>Issacs v. Smith</u>, 2005 WL 1947811 at *5 (S.D.N.Y. Aug. 12, 2005). With this in mind, "the district court must determine de novo any part of the magistrate judge's disposition [on a dispositive motion] that has been *properly* objected to." Fed. R. Civ. O. 72(b)(2) (emphasis added). In doing so, [t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." <u>Id.</u> <u>see also</u> 28 U.S.C. § 636(b)(1)(C).

Both the Federal Rules of Civil Procedure and this Court's Local Rules provide that only "specific written objections" to the R&R are considered "proper" for the district court's consideration. <u>See</u> Fed. R. Civ. P. 72(b)(2); L.R. 72.02(a). *Proper* objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made . . . to apprise the District Judge of the bases for the objections." L.R. 72.02(a). The rules distinguish between proper objections that warrant de novo review, and improper "vague, general, or conclusory objections," which do "not meet the

requirement of specific objections and [are] tantamount to a complete failure to object." <u>Cole v. Yukins</u>, 7 F.App'x 354, 356 (6th Cir. 2001) (citing <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995)). When a litigant makes an improper objection, "[t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate [judge] useless." <u>Howard v. Sec'y of Health and Himan Servs.</u>, 932 F.2d 505, 509 (6th Cir. 1991). "The functions of the district court are effectively duplicated as both the magistrate [judge] and the district court perform identical tasks," and "[t]his duplication of time and effort wastes judicial resources rather than sav[es] them, and runs contrary to the purpose of the Magistrates Act." <u>Id.</u> The Court now turns to Tulis' objections.

To begin, Tulis' objections are untimely. Tulis had fourteen days to respond to the R&R filed March 28, 2025. (Doc. No. 33 at 12). On April 8, 2025, he filed his Motion Requesting Additional Time (Doc.  No. 34) requesting a fourteen-day extension that was granted in part and denied in part. The Court approved a seven-day extension, making his new deadline April 18, 2025.  (<u>see </u>Doc. No. 35). On April 22, 2025, four days after the new deadline, Tulis filed his Objection to Magistrate's Recommendation to Stay (Doc. No. 36) and Memorandum of Law Supporting Objection to Magistrate's Recommendation (Doc. No. 37). Tulis' objection is silent on why he did not file his objection on time. The R&R could be accepted and approved solely on this basis. <u>Miller v. Currie</u>, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] party waives subsequent review by the district court … if it fails -to file a [timely] objection … to a magistrate's report[.]"); <u>see Allen v. Comm'r of Soc. Sec.</u>, No. 17-5960, 2018 WL 4042464, at *2 (6th Cir. June 4, 2018) ("By failing to timely object to the magistrate judge's report and recommendation, a party waives further review of his claims by the district court…."). Nevertheless, in the interest of clarity, the Court will address Tulis' objections on the merits, though the result is the same.

Tulis' objections are found across three sections titled: (1) "Suit against Gerragano Personally", (2) "Erroneous Statements in Recommendations" and (3) "Exceptions to Younger." (see Doc. No. 37 at 6-19). In the latter two sections, the objections are presented with subheadings and reference the specific language from the R&R to which Tulis takes issue with. In each section, Tulis offers statutory and case law to contest the Magistrate Judge's conclusions. Construing his arguments fairly and liberally given his pro se status, his objections fall into two camps: (1) Tulis takes issue with the Magistrate Judge's application of the Younger doctrine, and (2) Tulis disagrees with the Magistrate Judge's application of the Middlesex factors. The Court will address each in turn even though the same procedural issues plague both.

A. Application of the Younger Doctrine

Tulis objects because the Magistrate Judge erred in applying Younger abstention to this case.

Tulis makes two arguments against abstention. First, Tulis argues it would be improper to "stretch" the Younger abstention doctrine "to apply to Mr. Gerragano the man" because Tulis is suing Gerragano in his personal capacity. (Doc. No. 37 at 7). Second, Tulis argues that abstention is improper because the vehicle registration program "is under the color of the executive branch" and the Younger doctrine does not apply to executive actions. (Id.). These arguments were not previously raised before the Magistrate Judge. As explained above, presenting new arguments and evidence is not a proper objection to the R&R. Meddaugh v. Gateway Financial Service, 601 F. Supp 3d 210 (E.D. Mich. 2022).

 Tulis also objects to the Magistrate Judge's conclusion that the unconstitutionality exception to Younger only "applies if 'the challenged statute is flagrantly and patently violative of express constitutional provisions in every clause, sentence, and paragraph.'" (Doc. No 33 at 6).

Tulis argues this language "err[s] in suggesting that the <u>Younger</u> exception applies only when an unconstitutional statute is contested" as opposed to unconstitutional "policies, programs, and practices." (Doc. No. 37 at 14). But the Magistrate Judge applied the correct legal standard and Tulis does not take issue with the Magistrate Judge's analysis that he failed to make a sufficient showing of unconstitutionality. <u>Moore v. Sims</u>, 442 U.S. 415, 424 (1979) (The unconstitutionality exception only applies if "'the challenged statute is flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it.'"). Rather, Tulis simply believes that because the Sixth Circuit in <u>Doe v. Univ. of Kentucky</u>, 860 F.3d 365, "and other cases" did not "appear to exclude policies, programs, or practices" from the flagrant violation requirement, that a showing of flagrantly unconstitutional practices should be sufficient to satisfy a claim of unconstitutionality. (<u>Id</u>.); <u>see generally Doe</u>, 860 F.3d 365. However, Tulis fails to identify any program or practice at issue, so this is a nonissue here.

Lastly, with respect to <u>Younger</u>, Tulis argues that the Magistrate Judge erred by narrowly applying the bad faith exception because Tulis did not demonstrate that he was "singled out" for mistreatment from the Department of Revenue. (Doc. No. 37 at 18). However, the Magistrate Judge correctly noted that the bad faith exception is exceedingly rare. (Doc. No. 33 at 11) (citing <u>Tindall v. Wayne Cnty. Friend of Ct., by: £Schewe</u>, 269 F.3d 533, 639 (6th Cir. 2001) (explaining that the bad faith exception is exceedingly rare). The bad faith exception has been applied "only to one specific set of facts: where state officials initiate repeated prosecutions to harass an individual or deter his conduct, and where the officials have no intention of following through on these prosecution." <u>Lighthouse Community Church of God v. City of Southfield</u>, 382 F.Supp. 2d 937, 941 (E.D.Mich. 2005). (Discussing how the Sixth Circuit has addressed the application of the

bad faith exception). Tulis fails to point to how the Magistrate Judge erred, nor has he pointed to any case law to demonstrate that the bad faith exception should apply in this case.

B.  Satisfaction of the Middlesex factors

Tulis' second broad objections is that the Magistrate Judge erred in her determination that abstention was warranted under the Middlesex factors. (see Doc. No. 37). Specifically, Tulis argues that the Magistrate Judge erred both in finding an important state interest is implicated and that the administrative proceedings initiated by the Department provide an adequate opportunity to raise constitutional claims. (Id.).

Tulis' first argument regarding the Middlesex factors is that the important state interest is actually in "oppressing" the public and in a "fraudulent" program administered by the Department. (see Doc. No. 37). The Magistrate Judge notes in the R&R that Tulis "made no argument" against the importance of the state interest previously. (Doc. Nos. 33 at 9). Again, objections to the R&R based upon new arguments and evidence are not proper objections.

Lastly, Tulis claims that the administrative proceedings cannot provide adequate remedies because the Department of Revenue lacks the authority to hear the case or lift the suspension of his registration. (Doc. No. 37 at 8,11,13). Such an argument does not actually address the Magistrate Judge's correct assessment that cases in the Sixth Circuit have repeatedly held that civil enforcement proceedings under the Tennessee UAPA satisfy the third prong of Middlesex. Watts v. Burkhart, 854 F.2d 839 (6th Cir. 1988) (Proceedings conducted under the Tennessee Uniform Administrative Procedures Act provide "a full and fair" opportunity to raise constitutional issues); Fed. Ex Corp. v. Tenn. Pub. Serv. Comm'n, 925 F.2d 962 (6th Cir. 1991) (same); Xcaliber Int'l, Ltd., v. Gerregano, 290 F. Supp. 3d. 747 (6th Cir.) (same). Those cases are controlling before this Court.

Having reviewed Tulis' objections with respect to the <u>Middlesex</u> factors, the Court finds that Tulis has not raised any proper objections.

    IV.   <u>Conclusion</u>

For the foregoing reasons, the Court rules as follows

1. The R&R (Doc. No. 33) is **APPROVED IN FULL**,

2. Gerragano's motion to stay (Doc. No. 5) is **GRANTED** until the conclusion of the state administrative proceedings,

3. The Department of Revenue's motion for dismissal (Doc. No. 14) is **GRANTED**,

4. All other pending motions, including those filed at Doc. Nos. 15, 18 are **DENIED WITHOUT PREJUDICE** to being filed following the lift of the stay on this matter.

    IT IS SO ORDERED.

_____

WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE